COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-069-CV

 

 

IN RE
                                                                                   RELATOR

 

 

JAMES A. ROUGHLEY                                                                          

                                                                                                        

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Relator James A. Roughley,
pro se, seeks a writ of mandamus compelling the trial court to rule on his
petition for bill of review regarding the trial court=s dismissal of Relator=s claims against the Texas Department of Criminal
Justice-Institutional Division (ATDCJ@).  Relator contends that he received notice of
the dismissal too late to pursue a conventional appeal and that a petition for
bill of review is his only remedy. 

Mandamus relief is proper
only to correct a clear abuse of discretion when there is no adequate remedy by
appeal.  In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135‑36 (Tex. 2004) (orig. proceeding). 

Relator has an adequate
remedy by appeal.  There is no final
judgment in the trial court because Relator=s claims against Texas Tech University Health Science Center (ATTUHSC@) are
unresolved.  When his claims against
TTUHSC are resolved, he can appeal TDCJ=s dismissal.  All that Relator
has lost is the opportunity to pursue an interlocutory appeal from TDCJ=s dismissal under section 51.014(a)(8) of the civil practice and
remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp. 2006) (allowing interlocutory appeal from
grant of governmental unit=s plea to the jurisdiction). 
The failure to pursue an interlocutory appeal does not prevent a party
from pursuing an appeal after the trial court renders a final, appealable
judgment or order.  See id. ' 51.014(a) (AA person may appeal from an interlocutory order . . . .@); Canyon (Australia) Pty., Ltd. v. Maersk Contractors, Pty., Ltd.,
No. 08‑00‑00248‑CV, 2002 WL 997738, at *4 (Tex. App.CEl Paso May 16, 2002, pet. denied) (holding interlocutory appeals
under section 51.014 are permissive, not mandatory).








We also note that Relator=s petition for bill of review is premature.  A party may file a petition for bill of
review after the trial court loses plenary power.  Tex.
R. Civ. P. 329b(f).  The trial
court has not rendered a final judgment; thus, it still has plenary power, and
Relator=s petition for bill of review is premature.

Therefore, we deny Relator=s petition.

PER CURIAM

PANEL A:   GARDNER, J.; CAYCE,
C.J.; and LIVINGSTON, J.

DELIVERED: March 30, 2007











[1]See Tex. R. App. P. 47.4.